# MAY 9, 1945

## ORLAND BRADY V. THE STATE.

No. 23073. Delivered March 21, 1945.
Rehearing Denied May 9, 1945.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*G. O'Neal Dendy,* District Attorney, of San Angelo, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for embezzlement, punishment assessed being two years in the penitentiary.

The record before us contains no bills of exception. A statement of facts is brought forward, but is met with a motion by the State to strike the statement of facts because it was not approved by the trial judge within the time stipulated by the statute. (Art. 760 C. C. P., 1925.)

The motion for new trial was overruled on October 10, 1944, at which time appellant gave notice of appeal and the court gave appellant 80 days in which to file bills of exception and statement of facts. This order would control as to bills of exception, if any, but the statute mentioned allowing 90 days for filing the statement of facts would control as to that.

Immediately upon the overruling of the motion for new trial appellant made arrangements with the court reporter to furnish a statement of facts, with the understanding that it was to be delivered to appellant's attorney. On Dec. 13, 1944, the court reporter notified appellant's attorney by postal card that he (the reporter) was ill and confined to his room at the hotel, but that

he had completed the statement of facts and that it was at the clerk's office. This card was received by appellant's attorney on December 18th. The statement of facts was delivered to the clerk on December 11, and although it had not at that time been signed by either the district attorney or the attorney for appellant, nor approved by the trial judge, the clerk filed it on said December 11. This he should not have done. It had no place in the record until approved by the trial judge. See McHenry v. State, 141 Tex. Cr. R. 118, 147 S. W. (2d) 488.

The day appellant's attorney received the card from the court reporter he went to the clerk's office and ascertained that the district attorney had the original statement of facts, but the clerk gave appellant's attorney the copy he took to the district attorney's office, and they agreed that the statement of facts was correct with the exception of some typographical errors that should be corrected, which the district attorney agreed to make, and return the statement of facts to the clerk. Appellant's attorney signed the statement of facts at that time. On December 30 he talked to the clerk who told him the statement of facts had been signed by the district attorney and was ready to be sent to Austin. Appellant's attorney assumed that the statement of facts had been approved by the trial judge. As a matter of fact, the trial judge did not approve the statement of facts until January 19, 1945, which was 101 days after the notice of appeal had been given.

The trial judge certifies the following, in substance. He lived in Ballinger, Runnels County. During the 80 days allowed for filing statement of facts and bills of exception he tried no cases at San Angelo, Tom Green County, but was in his District from the time the notice of appeal was given up to and including December 30. Some two or three days prior to January 19 appellant's attorney phoned the judge asking when he would be in San Angelo, telling the judge he (appellant's attorney) thought the judge had approved the statement of facts. The judge told said attorney that he (the judge) would be in San Angelo on January 19, and on that date for the first time the statement of facts was presented to him, and he then approved same. It will be observed that the 90 days had expired before the judge was called over the phone about the statement of facts.

Counsel was charged with notice that the file mark placed on the statement of facts by the clerk before it had been approved by the judge was ineffective, and the slightest examination of the document would show the absence of such approval.

The burden is on appellant to use proper diligence to see that his record on appeal is prepared and approved within the time required. Shaddix v. State, 90 Tex. Cr. R. 431, 235 S. W. 602; Webb. v. State. 109 Tex. Cr. R. 31, 4 S. W. (2d) 45.

The rule is very clearly stated in Sec. 306, p. 441, 4 Tex. Jur. as follows: "The appellate court may consider a statement of facts or bills of exception not filed in time when, and only when, the appellant shows that he used due diligence to procure the signature and approval of the judge and to file the same in time, and that his failure to file the papers in time was not due to the fault or laches of himself or his attorney, but was the result of causes beyond his control."

The showing made here fails to bring appellant within the rule. Many cases in addition to those cited will be found in the notes under the quoted text, and under Sec. 597, p. 306, Branch's Ann. Tex. P. C.

The statement of facts not being subject to consideration, an affirmance of the judgment follows, and it is so ordered.

## ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing is based on the proposition "That the law as it now exists, where the attorneys of record agreed upon a statement of facts, it is not necessary for the trial judge to approve the same." This matter was presented on the original submission of the case and was not discussed in the opinion because Section 1 of Article 760 of the C. of C. P., upon which appellant relies, has been so amended, in our view, that the proposition is no longer tenable. It is his contention that Section 1 of Article 760 provides for a statement of facts to be "approved and certified as in civil suits." It is then noted that the law relating to the filing of statement of facts in civil suits has been so amended that the signature of the judge is not necessary. (See Rule 377, Section D, relating to the statement of facts in civil suits.) Apparently counsel has overlooked Section 7 of Acts of the 42nd Legislature, First Called Session, Page 75, Chapter 34, which amends the original Section 1 of Article 760, Code of Criminal Procedure, so that it cannot be longer contended that the rules of civil cases have any bearing on the subject. This amendement concludes the matter against the consideration of the statement of facts in the case.

Motion for rehearing is overruled.