LEONARD LEROY MOORE V. STATE

No. 24661. February 22, 1950.

308

*Fred Erisman,* Longview, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of felony theft of an automobile. The indictment alleged in approved form that he had been twice previously convicted of a felony less than capital. He was sentenced under the provisions of Art. 63, P. C., to life imprisonment in the penitentiary.

Appellant, James Henry Mitchell, Joe Miles Ward and James Herbert Webb were inmates of the Eastham Prison Farm.

On February 19, 1949, these four convicts left the Eastham Farm in an automobile owned by W. M. Crowder, a guard. They were shortly thereafter apprehended in Houston County in possession of the car, and were returned to prison.

The indictment against appellant was returned on June 28, 1949, and separate indictments were returned against his three companions.

It was and is the contention of appellant and his companions who testified that the owner of the car had accepted $200 from them for the use of the car, and permitted them to leave the prison farm. The state's position was that the taking was without consent and constituted felony theft.

Appellant was taken from the penitentiary on July 14, 1949, under a bench warrant, and first learned of the return of the indictment on that date. His case was set for trial for July 18, 1949, and was passed by the court until 1 P. M., July 20, 1949, when appellant represented to the court that he had an attorney, Hon. Fred Erisman, employed, and requested that the case be postponed.

The record shows that in the 1945 appellant had engaged the services of Hon. Fred Erisman as his attorney, his employment to include any matter, civil or criminal, that might thereafter come up.

Appellant was permitted to place a call for Mr. Erisman, and thereby learned that Erisman was out of the state on business and would return about August first.

Mr. Erisman had no knowledge of the charge against appellant until he returned home after the trial.

On July 20, 1949, at 1 P. M. the companion case against James Henry Mitchell was called, and he requested postponement representing to the court that he had an attorney (not Mr. Erisman) who was absent. (Mitchell v. State, page 313 of this volume.)

Upon his request for postponement or continuance being denied, Mitchell advised the court that the four charged desired to be jointly tried.

Appellant and the remaining two convicts were then brought

before the court, and they likewise requested a joint trial. But, appellant's request was conditioned on his being unable to get his case passed until his attorney could be present.

The fourth convict, Webb, withdrew his request for joint trial, and the trial then proceeded with the three cases combined, each defendant being without counsel.

It is shown that the trial judge had only the half day remaining for the trial of criminal cases when the trial of appellant and his companions began, he having a setting in another county of his district for the following morning.

In the selection of the jury the court, apparently attempting to advise the accused as to their rights, advised them regarding the exercise of peremptory challenges. It is not shown what, if any, number of such challenges were exercised, and no particular point is urged in this regard, but it is observed that the court erroneously advised the accused that they might strike ten of the jurors from the list. Under the provisions of Art. 634, C. C. P., the three defendants jointly tried were each entitled to five peremptory challenges.

Evidence was introduced by the state to show the two prior convictions against appellant described in the indictment, and in addition thereto, the state showed seven other felony convictions against him.

No limitation was placed upon this testimony in the charge of the court.

In submitting the case to the jury the court, in connection with the submission of the offense of theft of the Crowder automobile, gave the following charge: "and you further find, beyond a reasonable doubt, that the defendants, James Henry Mitchell and Leonard Leroy Moore have each been three times convicted of a felony less than capital; * * * then you will find the defendants 'Guilty' as charged in the indictments."

The indictment contained allegations of two previous convictions. The proof showed nine. But only the two convictions pleaded were shown to have been successive, that is, each succeeding offense committed after conviction of the preceding offense.

Only the prior convictions pleaded were available to the state for the purpose of proving appellant to be an habitual criminal

and assessing against him a life sentence under the provisions of Art. 63, P. C., and the remaining convictions should have been limited in the charge to the credibility of appellant as a witness in his own behalf.

In his charge the trial court did not confine the jury to the allegations of the indictment, but authorized them to find appellant guilty as an habitual criminal upon a finding that he committed the offense charged and had been three times previously convicted of a felony, at least one and possibly all of which were not alleged in the indictment.

The error in the charge is emphasized in the verdict of the jury.

They first returned a verdict against the three defendants in the following form:

"We, the jury, find the defendants Joe Miles Ward, James Henry Mitchell and Leonard Leroy Moore guilty."

Such verdict was not received, and the jury was retired for further deliberation, and after the last such retirement, the jury delivered to the court their verdict against appellant as follows:

"We, the jury, find the defendant, Leonard Leroy Moore, guilty."

Thereupon, the district attorney, under the directions of the trial judge, amended the verdict by addition thereto making it read as follows:

"We, the jury, find the defendant Leonard Leroy Moore, guilty, as charged in the indictment and has been three times convicted of a felony, as charged in the indictment."

The jury being first asked if such amendment was agreeable they assented and being polled, each answered that the verdict as amended was their verdict.

Such verdict was thereupon received by the court, and became the basis of the court's judgment finding appellant guilty of felony theft as charged with the addition "and has been three times convicted of a felony as found by the jury," and adjudging his punishment at confinement in the penitentiary for life.

While the trial court has the power to correct an informal

verdict with the consent of the jury, he is not a juror, and, on a plea of "Not Guilty" in a felony case, cannot render a verdict or any part thereof. See Horn v. State, 117 Tex. Cr. R. 22, 35 S. W. 2d 145.

The amendment of the verdict against appellant was not a mere correction of an informality. The finding of the jury as to appellant's former convictions was essential to the validity of a judgment assessing a life term against him.

The court was without authority to add to the jury verdict a finding that appellant had been three times convicted of a felony, even though the indictment had alleged three prior convictions.

The above errors were not preserved by proper motions, objections and exceptions, and appellant filed no motion for continuance sufficient under the statute.

His failure to do these things may be attributed to the fact that he had no attorney present to represent him, and was himself not sufficiently versed in law to do so.

The statement of facts cannot be considered for the reason that it does not bear the approval of the trial judge. See Brady v. State, 148 Tex. Cr. R. 368, 187 S. W. 2d 224.

However, upon his return, appellant's attorney filed an amended motion for new trial and offered evidence thereon, and properly preserved a bill of exception to the action of the court in overruling his motion.

In his bills of exception, the above proceedings are brought forward independent of the statement of facts, and may be considered by this court.

Under the facts here, if the trial judge considered it proper and necessary for an expeditious dispatch of the business of his court to refuse to postpone the case until appellant's counsel could be present, he had the discretion to do so. But appellant's legal rights should have been protected on the trial either by the trial judge or by an attorney under appointment by him.

Upon hearing the motion for new trial, and acquiring the knowledge that appellant, in fact, did have an attorney, and having the errors on the trial pointed out, we believe that appellant's motion for a new trial should have been granted.

The fact that appellant is shown to be a convict serving sentence on many felony convictions does not militate against his right to have a trial according to law, and to have a jury pass upon the question of whether or not he was convicted of the prior successive offenses as charged against him as well as to pass upon his guilt or innocence of the present offense.

The judgment is therefore reversed and the cause remanded.

Opinion approved by the Court.