James BATISTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–335–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1990.

Ken McLean, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and KENNEDY and UTTER, JJ.

## OPINION

KENNEDY, Justice.

A trial court found appellant, James Batiste, guilty of aggravated sexual assault (Tex. Penal Code Ann. § 22.021 (Vernon 1989)) and sentenced him to fifty years' confinement in the Texas Department of Corrections. By one point of error, appellant challenges his conviction, contending that Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon 1989) violates both the Federal Constitution and the Texas Constitution as well as Tex.Code Crim.Proc.Ann. art. 1.05 (Vernon 1977).[1] We affirm the trial court's judgment.

The sufficiency of the evidence is not questioned. Appellant's sole complaint originates from the State's amendment of his indictment. The indictment, as originally presented to the grand jury, included two enhancement allegations: a 1964 felony theft conviction and a 1976 felony burglary conviction. Prior to trial, the State moved to substitute a 1967 felony theft conviction in place of the 1964 conviction. The trial court allowed the amendment, and appellant filed his written objection. Subsequently, appellant pled "not true" to both enhancement allegations. The State introduced appellant's penitentiary packets reflecting eleven prior felony convictions, including the 1964, 1967, and 1976 convictions. The trial court found the enhancement allegations true and assessed punishment.

Appellant specifically complains that article 28.10, which allows the State to amend an indictment, is unconstitutional because it permits an indictment to be

---

1. Appellant's resort to Tex.Code Crim.Proc.Ann. art. 1.05 (Vernon 1977) is obviously not an attack on the constitutionality of Tex.Code Crim. Proc.Ann. art. 28.10 (Vernon 1989) but instead calls on this Court to reconcile these two provisions of the Texas Code of Criminal Procedure. Because article 1.05 merely restates a principle contained in article 1, § 10 of the Texas Constitution, we will consider appellant's argument regarding both article 1.05 and the Texas Constitution together, as one and the same.

amended without further presentation to the grand jury in violation of U.S. Const. amend. V and Tex. Const. art. 1, § 10. Initially, we recognize that the grand jury provision of the Fifth Amendment of the United States Constitution does not extend to the states through the Fourteenth Amendment. *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). Such being the case, the proper complaint for our review is that the Texas Constitution prohibits the State's unilateral amendment of the indictment.

The Texas Constitution provides, in relevant part: "no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury. . . ." Tex. Const. art. 1, § 10. Further, the Texas Constitution, as amended in 1985, states, "[t]he practice and procedures relating to the use of indictments and informations, including their contents, *amendment*, sufficiency, and requisites, are *as provided by law.*" Tex. Const. art. 5, § 12(b) (emphasis added).

Deriving its authority from Tex. Const. art. 5, § 12, the Legislature enacted Tex. Code Crim.Proc.Ann. art. 28.10 (Vernon 1989):

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. . . .
>
> . . . .
>
> (c) An indictment or information, *may not be amended* over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or *if the substantial rights of the defendant are prejudiced.* (emphasis added).

■ The purpose of an enhancement allegation in an indictment is to provide the defendant with *notice* of prior convictions that will be relied upon by the State to enhance his punishment. *Coleman v.*

*State*, 577 S.W.2d 486, 488 (Tex.Crim.App. 1979). Appellant does *not* challenge the amendment of his indictment on the basis of insufficient notice; it was amended well before commencement of trial. Also, the amended indictment did not *charge* appellant with an additional or different *primary offense.*

In *Ex Parte Patterson*, 740 S.W.2d 766, 775 (Tex.Crim.App.1987), *modified*, *Ex Parte Beck*, 769 S.W.2d 525 (Tex.Crim.App. 1989), the Court recognized that an indictment serves a dual function: (1) as the written *statement of a grand jury* accusing a person of an offense, and (2) as the State's primary *pleadings.* Because appellant had adequate notice of the enhancement allegations on which the State was seeking increased punishment, the question presented does not involve the *pleading* function of an indictment; it involves the *grand jury statement* function of an indictment.

■ Appellant asserts that he has a right to have the grand jury specifically allege the substituted 1967 conviction. Thus, the narrow issue presented is whether the substantial rights of a defendant are prejudiced by the State's amendment of an indictment without the consent of the grand jury, substituting one prior felony conviction allegation for another.[2]

*Patterson* concerned the pleading function of an indictment. The defendant raised a *notice* issue affecting the State's attempt to obtain a deadly weapon finding. The Court held that because an affirmative finding of use or exhibition of a deadly weapon affects the length of sentence served before a defendant becomes eligible for parole, the State must *plead* it. *Patterson*, 740 S.W.2d at 776. However, the Court expressly stated that although the deadly weapon allegation must be pled, it does not necessarily require inclusion in the indictment. *Id.*

**2.** By the language of article 28.10, it is unnecessary to characterize an amendment as a change in either form or substance. Article 28.10 authorizes the amendment of both the form and the substance of an indictment unless the amendment prejudices the substantial rights of a defendant.

Relative to the issue in the present case, the grand jury statement function of an indictment, *Patterson* stated:

'[e]very circumstance constituting a statutory offense which would affect the degree of punishment, must be alleged *in the indictment.*' *Long v. The State*, [36] Tex. 6, 10 (1871). Thus, prior convictions to be used for enhancement of punishment under felony recidivist statutes must be pled in *the indictment,* and proof of an upheld prior conviction will not support an enhanced sentence. *See Moore v. State,* 154 Tex.Cr.R. 307, 227 S.W.2d 219 (1950).

*Patterson,* 740 S.W.2d at 776 (emphasis added). From the cited cases, the Court proceeded to base its holding upon an antecedent condition, namely, that if a matter affects the degree of punishment, a defendant is entitled to a specific grand jury determination of probable cause to support that fact. *See Patterson,* 740 S.W.2d at 776.

*Long* was decided in 1871, under the 1856 code of Criminal Procedure. Under the 1856 Code, an indictment was the *only* pleading of the State. In 1879, however, the Code was amended to read (as it does today) that the indictment is "the *primary* pleading in a felony criminal action." *See Patterson,* 740 S.W.2d at 775 n. 10 (emphasis added). *Long* held that an enhancement allegation must be contained in an indictment which, in 1871, was the only instrument in which any pleading could be made by the State. As a result, when the *Long* Court stated, "whatever matter affects the degree or kind of punishment, must be specially alleged" and later in the opinion stated, "alleged in the indictment," the indictment was the only possible place for the State to plead anything, enhancement or otherwise. *See Long,* 36 Tex. at 9–10.

The entire *Long* decision is couched in notice terms. Nowhere does the *Long* Court mention a right to a grand jury's determination of probable cause for the prior offense, as the *Patterson* Court suggests. *Long* stands for a *notice* proposition—that a defendant has a right to know every circumstance affecting the degree of punishment before he is called upon for a defense. *See Long,* 36 Tex. at 10. *Long* does *not* hold that a defendant has the right to a specific grand jury determination of probable cause to support an enhancement allegation. *See Patterson,* 740 S.W.2d at 778 (Miller, Campbell, White, J.J., concurring); *see also Ex Parte Beck,* 769 S.W.2d 525, 527 (Tex.Crim.App.1989).

In *Moore,* the defendant was charged with felony theft. His indictment contained allegations of two prior felony convictions. At trial, the State showed, in addition to the two prior felony convictions, seven other convictions. The trial court submitted a jury question necessitating a fact finding of *three* prior felony convictions. The Court held, "[o]nly the prior convictions *pleaded* were available to the State for the purpose of proving appellant to be [a] habitual criminal. . . ." *Moore,* 227 S.W.2d at 221 (emphasis added). As in *Long,* nowhere in the *Moore* opinion does the Court suggest that the reason that the prior convictions must be pled is for the grand jury's determination of probable cause. Clearly, the defendant in *Moore* had no *notice* that the State would rely upon prior felony convictions other than those contained in his indictment, the State's only pleadings in the case.

No Texas case expressly holds that a defendant has a right to have a grand jury make a probable cause determination on an enhancement allegation. Indeed, courts holding that enhancements must be contained or alleged in the indictment are clearly making that requirement for purposes of *notice.* By recognizing that an indictment is the principal pleading of the State in a felony prosecution, it is not difficult to imagine why a court would hold that an enhancement must be alleged in the indictment, when a more precise statement might be: "pled by the State because an accused is entitled to *notice* of the State's reliance on prior convictions for enhancement purposes."

▪ The amendment of an indictment may be made without the grand jury's permission, if it is not directed toward the grand jury's responsibility to make findings on the essential allegations of the of-

fense. *See generally, Janecka v. State,* 739 S.W.2d 813, 819 (Tex.Crim.App.1987) (applying article 28.10 before its amendment in 1985). "[E]verything necessary to be proven to sustain a conviction in the *guilt/innocence phase* must be alleged in an indictment...." *Rosales v. State,* 748 S.W.2d 451, 458 (Tex.Crim.App.1987) (emphasis added) (quoting *Sharp v. State,* 707 S.W.2d 611, 624 (Tex.Crim.App.1986)). Allegations in an indictment regarding prior convictions are not a part of the substantive offense but are merely a guide for the court in assessing final punishment in the event of a conviction. *Passmore v. State,* 544 S.W.2d 399, 403 (Tex.Crim.App.1976). In the present case, the fundamental and essential allegations of the grand jury were not amended by the State's substitution of one prior felony conviction for another.

The right to have a grand jury screen a State's accusation is meant to protect a citizen from having to answer for a criminal offense of the magnitude of a felony. *Patterson,* 740 S.W.2d at 775. Thus, the purpose of a grand jury is to protect citizens from the State's commencement of arbitrary or unreasonable felony prosecutions. Appellant's felony charge was screened by the grand jury; he has received the protection afforded to him by the proper indictment of a grand jury, namely, a determination that probable cause existed to warrant appellant's felony prosecution for aggravated sexual assault, the charged offense.

An accused has the right to proper notice of a prior conviction upon which the State will rely to enhance his punishment; however, he does not have the right to a grand jury's probable cause determination regarding that prior conviction. Having found that appellant had no right to the grand jury's probable cause determination of his 1967 prior felony conviction, we overrule his point of error and AFFIRM the judgment of the trial court.

UTTER, J., not participating.