Ken J. McLean (court appointed on appeal), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr. and Larry Standley, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

CLINTON, Judge, dissenting.

Appellant was convicted of aggravated sexual assault and sentenced to fifty years confinement. On appeal he alleged that the trial court erred in allowing the State, over objection, to amend an enhancement paragraph of the indictment under Article 28.10, V.A.C.C.P., to substitute a 1967 final felony conviction for the 1964 felony conviction that was originally pled. Article 28.10(c) provides that:

"An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced."

The Thirteenth Court of Appeals affirmed. *Batiste v. State,* 785 S.W.2d 432 (Tex. App.—Corpus Christi 1990). The court of appeals held, *inter alia,* that the fact that the prosecutor, rather than the grand jury, made the substitution of one enhancement paragraph for another did not prejudice appellant's substantial rights because appellant has no right under Article I, § 10 of the Texas Constitution to insist that enhancement paragraphs emanate from the grand jury. Along the way the court of appeals disagreed with what it took to be

this Court's intimation in *Ex parte Patterson,* 740 S.W.2d 766, at 776 (Tex.Cr.App. 1987), that enhancement paragraphs must in fact originate in a grand jury finding under Article I, § 10. *Batiste v. State,* supra, at 435. We did not so intimate in *Patterson,* * and indeed, the question seems to be a novel one.

The court of appeals may very well be correct in this cause, but it is an important issue of state constitutional law which this Court should address. See Tex.R.App.Pro., Rule 200(c)(2). It is discouraging that this Court exercises its power of discretionary review so often to revisit well settled principles of law on the remote chance a court of appeals erred in application, but when a truly new and important question of law emerges, as here, the Court abjures. I would grant appellant's petition for discretionary review in this cause. Because the Court does not, I dissent.

---

WEEMS

v.

STATE

No. 0237–89.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1992.

Prior report: Available on WESTLAW, 1989 WL 1193.

---

* We simply observed in *Patterson* that enhancement paragraphs must be pled *somewhere,* 740 S.W.2d at 776, and, as the court of appeals points out, 785 S.W.2d at 435, when the seminal case on enhancement paragraphs was decided, see *Long v. The State,* 36 Tex. 6 (1871), an indictment was the only pleading available to the State. We did not necessarily indicate that an enhancement paragraph must be supported by a grand jury finding, and in fact we expressly held that a deadly weapon allegation need *not* emanate from a grand jury finding.

On appellants' petitions for discretionary review: petition dismissed as improvidently granted.

**Abdul H. MUHAMMAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 927–91.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1992.

Rehearing Denied June 17, 1992.

Kristine C. Woldy, Houston, for appellant.