NO. 07-00-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 6, 2001

______________________________

HENRY DONELL STEPHENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 23RD DISTRICT COURT OF BRAZORIA COUNTY;

NO. 36,738; HONORABLE OGDEN BASS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of not guilty, appellant was convicted by a jury of possession of a controlled substance, enhanced, and punishment was assessed by the trial court at 15 years confinement.  Presenting two issues, appellant contends that (1) pursuant to article 28.10 of the Texas Code of Criminal Procedure, the indictment should not have been amended over his objection to include enhancement paragraphs without review by the grand jury because his substantial rights were prejudiced, and (2) a jury instruction under article 38.23 of the Texas Code of Criminal Procedure should have been submitted because of a disputed fact issue regarding the legality of the search of his person by law enforcement.  Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction.  Thus, only the facts necessary for disposition of the issues presented will be discussed.  On March 1, 1999, while Officer Andre Tran was preparing to go off duty and was unloading his patrol car in the police parking lot, he heard loud music nearby in violation of a city ordinance.  Officer Judson Kennimer was standing beside Tran.  Tran testified that although he yelled several times for appellant to turn down the music, appellant did not comply.  Tran then got into his patrol car and drove toward appellant while Kennimer proceeded there on foot.  Tran noticed that appellant’s eyes were red and he could smell alcohol.  According to Tran and Kennimer, appellant just stared at them and fumbled through a fanny pack when asked for identification.  When asked if he was carrying any contraband, appellant denied having any weapons, but did admit to possessing marijuana, after which Tran asked if appellant was concealing anything under his baseball cap.  Both officers observed appellant remove his cap and grab something from the brim, which he tucked behind his back.  Kennimer ordered appellant to open his hand where he was concealing crack cocaine.  Appellant was handcuffed and remanded to another officer to be booked. 

By his first issue, appellant contends that pursuant to article 28.10 of the Texas Code of Criminal Procedure, the indictment should not have been amended over his objection to include enhancement paragraphs without review by the grand jury because  his substantial rights were prejudiced.  We disagree.  Article 28.10(c) provides:

[a]n indictment . . . may not be amended over the defendant’s objection as to form or substance if the amended indictment . . . charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

On May 6, 1999, appellant was indicted for possession of less than one gram of cocaine, a state jail felony punishable by not more than two years confinement.  Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 1992); Tex. Pen. Code Ann. § 12.35(a) (Vernon 1994).  The State filed its motion for leave to amend the indictment on September 29, 1999, and a hearing on the motion was held on March 9, 2000.  At the hearing, defense counsel argued that the addition of enhancement paragraphs to the indictment was a substantial and material change seriously affecting appellant’s rights, and thus required review by a grand jury.  Agreeing with the State that enhancement paragraphs were not a material change requiring review by a grand jury, the trial court granted the State’s motion to amend the indictment to include four enhancement paragraphs.  Appellant’s trial commenced on March 15, 2000. 

The seminal case on enhancement paragraphs was decided in 1871, under the 1856 Code of Criminal Procedure when an indictment was the 
only
 pleading available to the State.  (Emphasis added).  Long v. State, 36 Tex. 6 (1871).
  
However, in 1879, the Code was amended to read that the indictment is the “primary pleading” in a felony criminal action.  Tex. Code Crim. Proc. Ann. art. 27.01 (Vernon (1989); Ex Parte Patterson, 740 S.W.2d 766, 775 n.10 (Tex.Cr.App. 1987), 
modified
, Ex Parte Beck, 769 S.W.2d 525, 528 (Tex.Cr.App. 1989).  Under 
Long
, because an indictment was the only pleading available to the State, any matter affecting the degree of punishment entitled a defendant to a specific grand jury determination.  
Patterson
, 740 S.W.2d at 776.  
Long
 does not, however, hold that a defendant has the right to a specific grand jury determination of probable cause to support an enhancement allegation.  
Id
. at 778.

Further, in Brooks v. State, 957 S.W.2d 30, 33-34 (Tex.Cr.App. 1997), the Court concluded that to the extent prior cases have indicated that enhancement paragraphs must be pled in the indictment, those cases did not survive decisions in Sharp v. State, 707 S.W.2d 611 (Tex.Cr.App. 1986), 
cert. denied
, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988), and Rosales v. State, 748 S.W.2d 451 (Tex.Cr.App. 1987), 
cert. denied
, 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988).  In 
Sharp
, the Court concluded that everything necessary to be proven to sustain a conviction in the guilt/innocence phase must be included in the indictment.  707 S.W.2d at 624-25.  Then, in 
Rosales
, the Court concluded that punishment issues need not be pled in an indictment.  748 S.W.2d at 458.

Appellant asserts that his substantial rights were prejudiced because the enhancement paragraphs increased the range of punishment from a state jail felony punishable from two to ten years to a second degree felony punishable from two to twenty years.  Tex. Pen. Code Ann. §§ 12.33(a), 12.35(a), and 12.42(a) (Vernon 1994).  An enhancement paragraph is not a part of the substantive offense, but merely a guide in assessing punishment in the event of a conviction.  Passmore v. State, 544 S.W.2d 399, 403 (Tex.Cr.App. 1976).  The purpose of an enhancement allegation in an indictment is to provide the defendant with notice of prior convictions that will be relied on by the State to enhance punishment.  Batiste v. State, 785 S.W.2d 432, 434 (Tex.App.–Corpus Christi 1990), 
pet. ref’d
, 830 S.W.2d 951 (Tex.Cr.App. 1992); 
see also Long
, 36 Tex. at 10.  The State filed its motion for leave to amend the indictment on September 29, 1999, providing almost six months notice to appellant of its intent to rely on prior convictions to enhance punishment.  Thus, appellant had sufficient notice of the State’s intent to rely on his prior convictions to enhance punishment and no fundamental allegation of the grand jury was amended by the inclusion of enhancement paragraphs.  Appellant has not established that his substantial rights were prejudiced by amending the indictment.  
Cf.
 Moore v. State, 154 Tex.Crim. 307, 227 S.W.2d 219, 221 (1950) (holding that only prior convictions pleaded were available for enhancement because the defendant had no notice of other convictions the State showed at trial).  Issue one is overruled.

By his second issue, appellant contends the trial court should have submitted a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure because a disputed issue of fact existed regarding the legality of the search of his person by Officer Tran.  We disagree.  Article 38.23(a) provides that illegally obtained evidence shall not be admitted against an accused in any criminal case and that a jury instruction to disregard illegally obtained evidence shall be submitted if the legal evidence raises the issue.  

Appellant filed a motion to suppress his arrest and “any and all evidence” relating to the arrest.  However, nothing in the appellate record indicates that an adverse ruling was obtained on the motion.  Also, no objections were made at trial when both officers testified that appellant was in possession of marijuana and crack cocaine.  Thus, this issue is not presented for review.  Tex. R. App. P. 33.1(a); Dunavin v. State, 611 S.W.2d 91, 97 (Tex.Cr.App. 1981).

Moreover, in reviewing the testimony of Officers Tran and Kennimer, we find no factual dispute regarding the legality of the search that resulted in seizure of the contraband.  The only discrepancy in their testimony was that Officer Kennimer could not recall whether Officer Tran yelled to appellant from the police parking lot to turn down the music.  Subsequent to that moment, the officers’ testimony was not contradictory nor disputed regarding probable cause.  Thus, appellant did not establish his entitlement to a jury instruction pursuant to article 38.23(a).  Gaffney v. State, 575 S.W.2d 537, 542-43 (Tex.Cr.App. 1978).  Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish.