CLINT POWELL V. THE STATE.

No. 15910.  Delivered June 7, 1933.
State's Rehearing Denied October 25, 1933.
Reported in 63 S. W. (2d) 712.

The opinion states the case.

*W. A. Anderson,* of San Angelo, for appellant.

*Glenn R. Lewis,* District Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This appeal is from the judgment of the District Court of Tom Green county correcting the sentence entered on the minutes at a prior term of said court.

The record discloses that the appellant was convicted January 20, 1932, of the offense of robbery with firearms, which case was No. 3398 in the District Court of the 51st Judicial District of Tom Green county, and his punishment was assessed at a term of 5 years' confinement in the penitentiary. The sentence of conviction was imposed on February 12, 1932. His motion for new trial was overruled, to which he excepted and gave notice of appeal and afterwards perfected his appeal to this court. His appeal to this court was dismissed on June 24, 1932, at appellant's request. It appears from the record that the appellant had been convicted prior to this conviction in cause No. 3398 in cause No. 3334 on the same docket. After the appellant's cause had been dismissed in this court at his request, it seems that the judge of the 51st Judicial District caused to be issued a bench warrant to the sheriff of Tom Green county in cause No. 3400, wherein an indictment was pending against this appellant in said court for theft, commanding the said sheriff to call upon the authorities of the state penitentiary for appellant and convey him to the jail of Tom Green county to answer said indictment in said cause No. 3400. The warrant was duly executed and the appellant was returned to the jail of Tom Green county about November 15, 1932. On November 22, 1932, while appellant was being held in jail under the bench warrant in cause No. 3400, the state filed a motion in cause No. 3398 praying for a nunc pro tunc order to correct the sentence in said court so as to make the sentence cumulative of the sentence in No. 3334, alleging in substance that the district attorney

did not learn until after the expiration of the term that the sentence pronounced against the appellant in cause No. 3398 was not made cumulative of the sentence in cause No. 3334. They served appellant with notice of this application and over the appellant's protest on hearing the district judge entered a sentence nunc pro tunc as of date of the former sentence attempting to change the former sentence so as to show and make said sentence in cause No. 3398 cumulative of the sentence imposed in said court in cause No. 3334, from which action on the part of the trial court this appeal has been perfected to this court. The docket further shows that sentence nunc pro tunc was not entered at the same term in which the former sentence was pronounced but at a subsequent term and some months after the appellant had begun to serve his time under the former sentence entered on February 12, 1932.

The appellant contends that the court was without jurisdiction to enter said amended sentence because of the fact that he had already endured punishment under the first sentence. In this contention we believe that the appellant is correct. Under the original sentence as shown in the minutes of the court the appellant's sentence in cause No. 3398 was caused to run concurrent with the cause No. 3334 against the appellant, while the sentence nunc pro tunc in said cause provides that the sentence in cause No. 3398 should take effect from and after the expiration of the sentence in cause No. 3334. Regarding the power of the court to change his sentence, we quote from Bishop's new Criminal Procedure, 2nd Ed., vol. 2, sec. 1298, as follows:

"The power of the court to alter its docket entries and records during the term wherein they are made, includes the right within such time to revise, correct, and change its sentences, however formally pronounced, if nothing has been done under them. But steps taken under a sentence—for example, a substantial part execution thereof—will cut off the right to alter .it, even during the term, and with the expiration of the term the power expires."

The Supreme Court of the United States in Ex parte Lange, 18 Wall., 163, 176, 21 L. Ed., 872, held that the trial court was without power at the term in which the conviction was had to set aside a sentence under which punishment had been endured. It seems to be well established by the authorities in other states that a court has power to revise, correct or vacate a sentence imposed during the term of the court in which the conviction was had and before the original sentence has gone into operation or action is had under it. Regarding such

power after the sentence has gone into operation, the general rule is set forth in the notes in 44 A. L. R. (Annotated) at page 1203, as follows:

"It seems to be well established that a trial court is without power to set aside a sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts to do so is void, and the original judgment remains in force."

Many cases are cited in support of this holding, some of them being Ex parte Lange, supra; State ex rel Curtis v Heflin, 19 Ala. App., 222, 96 So., 459; Williams v. State, 125 Ark., 287, 188 S. W., 886; L. R. A. 1917B, 586; Tanner v. Wiggins, 54 Fla., 203, 45 So., 459, 14 Ann. Cas., 718; Gordon v. Johnson, 126 Ga., 584, 55 S. E., 489; State v. Warren, 92 N. C., 825; State v. Cannon, 11 Or., 312, 2 P., 191. This court has upheld said holding in the case of Turner v. State, 31 S. W. (2d) 809.

When an appeal is taken, the sentence begins from the date of the mandate of the appellate court whether the judgment was affirmed or whether the appeal was dismissed at the request of the appellant. See Ex parte Cary, 64 S. W., 241. It will thus be seen from the record itself that the appellant's appeal being dismissed on June 24, 1932, that his sentence began running from the time that the mandate of this court was issued and therefore it appears that before the sentence, which is herein appealed from, had been entered the appellant had already served in the penitentiary two or more months under the sentence as originally entered by the court at a former term.

If the second sentence should be permitted to stand, appellant would, in addition to the punishment he had already suffered under the first sentence, be incarcerated in the penitentiary for not less than 2 nor more than 5 years after the expiration of the sentence in cause No. 3334. As said in Turner v. State, supra, "The effect of the action of the court would be to punish appellant twice for the same offense. Under our Constitution, 'no person, for the same offense, shall be twice put in jeopardy of life or liberty.'"

We are constrained to hold that it was beyond the power of the court to set aside the original sentence under the facts as shown by the record in this case. Such being the case, the last sentence was illegally imposed and cannot be enforced. The first was legal and should be executed. Hence, the last sentence is set aside and held for naught, and the original judgment affirmed. *Original judgment affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

MORROW, Presiding Judge.—Preliminary to stating the conclusions with reference to the present appeal, we condense the facts which are found in the original opinion. On January 20, 1932, appellant was convicted of robbery in cause No. 3398, in which a penalty was assessed against him of confinement in the penitentiary for five years. He had been previously convicted of robbery in another case, No. 3334, with a like penalty as that in the present appeal. On February 12, 1932, appellant was sentenced in the trial court by a verbal statement of the trial judge, a memorandum of which appeared on the court's docket as follows:

"2/12/32. Defendant sentenced to confinement in the penitentiary for a term of five years to be cumulative of sentence in cause No. ———— as provided by law."

The sentence, as carried into the minutes, made no mention of its cumulative effect, and made no mention of any other conviction of the appellant. From the sentence as entered, appellant appealed the present case to the Court of Criminal Appeals. On May 12, 1932, the appeal in cause No. 3398 was filed in this court and subsequently, on June 24, 1932, was dismissed at the request of appellant. The mandate of this court was issued and forwarded to the trial court on June 28, 1932, whereupon appellant was sent to the penitentiary where he has since remained with the exception of the time spent in attending the hearing resulting in the present appeal. He was taken from the penitentiary and brought to San Angelo by virtue of a bench warrant dated November 17, 1932, for the purpose of attending the hearing mentioned. While appellant was serving the sentence, the trial court, on November 22, 1932, entered an order correcting the sentence against the appellant as recorded, so as to make it show that his sentence in cause No. 3398 was to be served after the expiration of his sentence in cause No. 3334. Appellant resisted the entry of the corrected sentence upon various grounds, as appears from the opinion rendered in this court in the present appeal on June 7, 1933.

Referring to the case of Bennett v. State, 80 Texas Crim. Rep., 652, the state advances the thought that the appellant having a right to appeal from the amended sentence, he is not in a position to complain of the entry of such sentence. The ap-

peal in the Bennett case was dismissed for the reason that his recognizance was defective. After the appeal was dismissed, the sentence against him was amended. He prosecuted his appeal from the amended sentence. The effort of the state to have the last-mentioned appeal dismissed was denied, the court holding in effect that Bennett had a right to appeal after the entry of the amended sentence. There is some difference between the facts in the Bennett case and those affecting the appellant, notably the outstanding fact that under the sentence before it was amended, the appellant had become a convict and had served a part of his sentence. It may be assumed that he had the right to appeal from the amended sentence. However, it does not follow that such right would deprive the appellant of the immunity which accrued under the law of the land by virtue of its incarceration and the service of his sentence before its amendment took place. Assuming, however, that appellant has the right to appeal from his conviction in the present case, we perceive nothing in the law which would compel him to do so. In other words, conceding for the sake of argument that he may appeal from the amended sentence in the present case, the facts did not deprive him of the right to resist its enforcement against him under all the circumstances, especially the fact that before the sentence was amended and his appeal dismissed, he became a convict and was in the act of serving his sentence in the penitentiary under the conviction in causes Nos. 3334 and 3398. Touching the effect of serving the sentence, as bearing upon the right of the state to change or amend the sentence against his will, the precedents cited in the original opinion are deemed conclusive. Without quoting them, they are enumerated as follows: Bishop's New Cr. Proc., 2nd Ed., vol. 2, sec. 1298; Ex parte Lange (U. S. Sup. Ct.), 18 Wall., 163, 21 L. Ed., 872; 44 Amer. Law Rep. (Ann.) 1203, and other cases cited in the original opinion. See, also, Ex parte Carey, 64 S. W., 241, announcing that when the mandate of this court is issued, the sentence of the appellant begins to operate. In other words, appellant in the present instance became a prisoner under the conviction, and as stated above, he was transferred to the penitentiary where he remained for a long time before the sentence was amended. He is still in prison.

The case of Turner v. State, 116 Texas Crim. Rep., 154, 31 S. W. (2d) 809, and many precedents therein cited, are pertinent to the point that the procedure sought in this case is incompatible with the fundamental law of the land.

Confirmed in the view that in the original opinion the proper

conclusion was reached and stated, we are constrained to over-rule the motion for rehearing. It is so ordered.

*Overruled.*