IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 587-01






HAROLD MCCLINTON, JR., Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Hervey, J., filed a dissenting opinion in which Johnson, J., joined.



DISSENTING OPINION 



 I respectfully dissent. I would decide that, during its plenary jurisdiction, a trial court may modify
(up or down) a defendant's sentence that the trial court has previously imposed and that this modification
is not a "ruling on a question of law" for purposes of Article 44.01(c), Tex.Code.Crim.Proc. (1) I would,
however, also decide that a trial court may not so modify a defendant's sentence after a party has filed a
notice of appeal.

 A jury convicted appellant of possessing between four and 200 grams of cocaine. On August 19,
1998, the trial court sentenced appellant to twelve years in prison pursuant to an agreement between the
prosecution and appellant. That same day the trial court set an appeal bond in the amount of $30,000, and
it signed a judgment which reflected appellant's sentence of "12 years TDC." Appellant also filed a notice
of appeal that day. The next day on August 20, 1998, appellant apparently was released on bond. (2)

 On September 8, 1998, the trial court modified its August 19th judgment to reduce appellant's
sentence from twelve to ten years. (3) The record is silent on the reason for this except for a notation in the
trial court's September 8th modification order stating that "the ends of justice will best be served by a
reformation of the judgment herein from 12 years in the Texas Department of Corrections to 10 years in
the Texas Department of Corrections."

 Appellant raised three points of error in his direct appeal in the Court of Appeals. See McClinton
v. State, 38 S.W.3d 747, 749-50 (Tex.App.-Houston [14th Dist.] 2001). None of these points
challenged the trial court's modification of appellant's sentence. The State's appellate brief responded to
these points and also contained a section entitled "Modification of Judgment and Sentence" in which the
State claimed that the trial court's modification of appellant's sentence constituted a new trial as to the
punishment phase of the trial and was, therefore, "void." (4) The State requested the Court of Appeals to
reform the trial court's judgment by deleting the trial court's order modifying appellant's sentence. The
Court of Appeals treated the "Modification of Judgment and Sentence" section in the State's brief as a
"State's Appeal" under Article 44.01(c) and decided that the trial court "had the power to modify its
sentence within the time of its plenary power." See McClinton, 38 S.W.3d at 751. (Emphasis in Original).

 The State claimed for the first time in its discretionary review petition that the trial court could not
modify appellant's sentence because appellant had already begun to serve his sentence. (5) We exercised our
discretionary authority to address this claim.

 Appellant claims that the trial court could modify its judgment to decrease appellant's sentence but
not to increase it. Appellant also makes a jurisdictional claim that the Court of Appeals should not have
even addressed the State's challenge to the trial court's modification of appellant's sentence because the
State's "appeal" in the Court of Appeals was not authorized by any provision in Article 44.01. The State
does not respond to this jurisdictional claim which we must address. See State v. Roberts, 940 S.W.2d
655, 657 (Tex.Cr.App. 1996) (issue of jurisdiction is "fundamental and cannot be ignored"), overruled
on other grounds, Medrano v. State, 67 S.W.3d 892, 903 (Tex.Cr.App. 2002). 

 Though not clear, it appears that the State's position all along has been that it did not have to file
an appeal pursuant to any provision in Article 44.01 to present the issue of whether the trial court could
modify appellant's sentence because the State could obtain review of this issue under the rule that "an
appellate court has authority to reform a judgment" to "make the record speak the truth when the matter
has been called to its attention by any source." See French v. State, 830 S.W.2d 607, 609 (Tex.Cr.App.
1992) (court of appeals properly granted State's motion to reform trial court's judgment to include the jury's
affirmative deadly weapon finding); Asberry v. State, 813 S.W.2d 526, 531 (Tex.App.-Dallas 1991, pet.
ref'd) (en banc); Tex.R.App.Proc. 43.6 (court of appeals may make any appropriate order that the law
and the nature of the case require). This rule, however, does not apply here because the record does
"speak the truth." It clearly and truthfully reflects what the trial court did. The issue of whether the trial
court could do it is not subject to an application of Rule 43.6.

 It has been suggested that the trial court's modification of appellant's sentence is, for purposes of
Article 44.01(c), a ruling on a question of law on a jurisdictional point. But, in modifying appellant's
sentence, the trial court made no ruling on any question of law. And, Article 44.01(c) literally does not
provide for an appeal even on a jurisdictional point in the absence of a ruling on a question of law. (6)

 We have recently decided, under an application of our "void" sentence jurisprudence, (7) that an
appellate court may on its own, notice an illegal sentence and "rectify that error." See Mizell v. State, 
 S.W.3d slip op. at 2, 4 (Tex.Cr.App. No. 2444-01, delivered November 5, 2003). The sentence in
Mizell was illegal because it fell outside the statutory permissible range of punishment and was, therefore,
unauthorized by law. See Mizell, slip op. at 4. Appellant's sentence, however, falls within the statutory
permissible range of punishment and is, therefore, authorized by law.

 So, if appellant's sentence is illegal, it must be because no law authorized the trial court to modify
it. The question upon which we granted review is, therefore, properly presented on discretionary review
since it is relevant to whether the Court of Appeals on its own could have addressed the issue of whether
appellant's modified sentence is an illegal sentence. See Mizell, slip op. at 2. 

 The State claims that this Court's decisions in Williams v. State and Powell v. State stand
generally for the proposition that a trial court cannot modify a defendant's sentence once the defendant has
begun to serve it. See Williams v. State, 170 S.W.2d 482, 486 (Tex.Cr.App. 1943) (trial court
powerless to change its judgment "in any substantial respect" when the accused "has suffered some
punishment as a result thereof"); Powell v. State, 63 S.W.2d 712, 713 (Tex.Cr.App. 1933). Powell,
however, states the rule to be:

 It seems to be well established by the authorities in other states that a court has power to
revise, correct, or vacate a sentence imposed during the term of the court in which the
conviction was had and before the original sentence has gone into operation or action is
had under it. Regarding such power after the sentence has gone into operation, the general
rule is set forth in the notes in A.L.R. (Annotated) at page 1203, as follows: "It seems to
be well established that a trial court is without power to set aside a sentence after the
defendant has been committed thereunder, and impose a new or different sentence
increasing the punishment, even at the same term at which the original sentence was
imposed. A judgment which attempts to do so is void, and the original judgment remains
in force."


See Powell, 63 S.W.2d at 713 (emphasis supplied). (8)

 Williams primarily relied on this Court's decision in Turner v. State, 31 S.W.2d 809 (Tex.Cr.App.
1930). Both Powell and Turner, as well as the ALR article (9) referred to in Powell, relied heavily on the
United States Supreme Court's decision in Ex parte Lange, 21 L.Ed. 872 (1874). Lange, therefore,
appears to be the genesis of the rule that the State claims applies here.

 In Lange, the trial court's judgment imposed on the defendant a sentence of imprisonment for one
year and a fine, but the applicable statute authorized only one of these two punishments. See Lange, 21
L.Ed. at 875-76. The defendant paid the fine. See id. Five days later, the trial court vacated its original
judgment and signed another order resentencing the defendant to imprisonment for one year. See id. The
Supreme Court decided that when the defendant "had fully suffered one of the alternative punishments to
which alone the law subjected him, the power of the court to punish further was gone." See Lange, 21
L.Ed. at 878-79 (emphasis supplied). Lange also decided that the defendant had been "twice punished
for the same offense" in violation of double jeopardy principles. See Lange, 21 L.Ed. at 878; but see
Lange, 21 L.Ed. at 886-87 (Clifford, J., dissenting) (double jeopardy clause "cannot now be enlarged to
help out a predetermined unsound judicial conclusion"); United States v. Busic, 639 F.2d 940, 946 fns
6, 7, 949 (3rd Cir. 1981).

 Lange is factually different from this case and cases like Powell because the defendant in Lange
had fully served one of the sentences authorized by the applicable statute and also because Lange did not
involve altering (up or down) a defendant's sentence. See Busic, 639 F.2d at 949. Cases like Powell,
therefore, erred to rely on Lange for the rule that they adopted and applied. Lange simply has no
application to cases like this.

 And even if it did, the United States Supreme Court in United States v. Difrancesco recognized
that Lange never stated the principle that a "trial court may not increase a sentence" during the same court
session even "if the defendant has begun service of his sentence." See United States v. DiFrancesco, 66
L.Ed.2d 328, 346-47 (1980) (emphasis in original); see also Busic, 639 F.2d at 949 (discussing the
discredited Lange decision). Difrancesco confined Lange to Lange's "specific context" and also
recognized that double jeopardy principles do not necessarily prohibit a trial court from increasing a
defendant's sentence. See DiFrancesco, 66 L.Ed.2d at 347 (stating that the holding in Lange is "not
susceptible of general application" and limiting Lange to its specific context).

 Finally, the A.L.R. article cited in Powell (for the proposition that a trial court cannot increase a
defendant's sentence after the defendant has begun to serve it) contains a collection of cases holding that
a trial court can decrease a defendant's sentence. See 44 A.L.R. at 1210-11. This article also contains
a collection of cases holding that a trial court cannot decrease (or increase) a defendant's sentence because
a trial court's power to decrease a defendant's sentence would also include the power to increase it which
potentially could be "despotic and most oppressive." See id.

 It cannot be doubted, I think, that the practice claimed, although it might be a great relief
to the mind of a judge, would to a great extent be destructive to one of the objects of
punishment, namely, the reformation of the offender. Let it be understood that he may
have a portion of his sentence remitted any day by the judge, he will occupy his thoughts
with the expectation, daily and hourly, and scheme and labor for the result. In such a state
of mind reformation would be out of the question. His term of punishment would always
be an uncertainty to him. A practice fraught with such results could scarcely have its origin
in any considerable amount of experience in dealing with convicts, and ought to be
regarded as an argument against its existence altogether. . . . There is still another difficulty
in the way, and that is not removed by the assumption that it would never occur. Bad or
weak men might be found, to set aside such a presumption if made; and that is, that if a
sentence may be reconsidered during its execution, why may it not be increased
as well as diminished, if the maximum had not been reached in the first instance? If
reconsidered, it is to be pronounced de novo; and it is within the same power, exactly,
to increase or decrease it. It is not difficult to imagine times in which the rule might thus
become despotic and most oppressive. 


See id. (Emphasis in italics in original) (Emphasis in bold added).

 Since Williams and Powell were supported by Lange which has been undermined by
DiFrancesco, then Williams and Powell should be overruled. See Awadelkariem v. State, 974 S.W.2d
721, 725 (Tex.Cr.App. 1998) (one consideration in deciding whether to overrule precedent is when the
precedent under consideration "conflicts with a newer decision that is found to be more soundly reasoned"). 
Lange never supported the rule applied in these cases, anyway. See Difrancesco, 66 L.Ed.2d at 347;
Busic, 639 F.2d at 949. I would hold that, since no statute prohibits it from doing so, a trial court may
modify (up or down) the sentence that it has originally imposed so long as the modified sentence falls within
the statutory permissible range. 

 Notwithstanding all of this, there remains another jurisdictional issue that neither party has raised
but which also must be addressed. That issue involves the trial court's jurisdiction to modify appellant's
sentence after appellant filed his notice of appeal. We have recognized that trial courts have broad powers
"to change, set aside or otherwise control their judgments" during their plenary jurisdiction. See, e.g., State
v. Johnson, 821 S.W.2d 609, 612 (Tex.Cr.App. 1991) (citing with favor Eichelberger v. Eichelberger,
582 S.W.2d 395, 398-99 (Tex. 1979); Awadelkariem, 974 S.W.2d at 728-29 (Meyers, J., concurring). 
The trial court's power to modify appellant's sentence in this case falls under those broad powers. But
these powers are limited after a party files a notice of appeal. See id. I would decide that the trial court
could not modify appellant's sentence after appellant filed his notice of appeal. See id. This does not mean
that appellant's modified sentence is "void," it simply means that the trial court lost jurisdiction to modify
appellant's sentence once appellant filed his notice of appeal.

 I would, therefore, reform the trial court's judgment to delete appellant's modified sentence. I
respectfully dissent. 


 Hervey, J. 



Filed: December 10, 2003

Publish

1. Article 44.01(c) entitles the state to appeal "a ruling on a question of law if the defendant is
convicted in the case and appeals the judgment." 
2. The record does not clearly reflect whether appellant was released on bond on August 20, 1998. 
The supplemental clerk's record contains an affidavit of surrender document from appellant's bail
bondsman dated May 20, 1999, surrendering appellant's appearance bond that the affidavit states was
executed on August 20, 1998. The affidavit further states that appellant's appearance bond was being
surrendered because appellant was in the county jail charged with delivering a controlled substance offense. 
Neither of the briefs filed here assert that appellant was released on bond on August 20, 1998.
3. Article 44.01(a)(2), Tex.CodeCrim.Proc., entitles the State to appeal a trial court's order that
"modifies a judgment."
4. See State v. Hight, 907 S.W.2d 845, 846-47 (Tex.Cr.App. 1995) (trial court cannot grant new
trial as to punishment phase of trial).
5. The State's brief asserts that, when the trial court on September 8th modified appellant's August
19th sentence, appellant had already suffered punishment under the August 19th sentence because appellant
"had already accepted" his August 19th sentence. The State does not say exactly how appellant "had
already accepted" his August 19th sentence.
6. It is, therefore, unnecessary to decide in this case whether the State must file a notice of appeal to
appeal a ruling on a question of law under Article 44.01(c). See Malley v. State, 9 S.W.3d 925, 927
(Tex.App.-Beaumont 2000) (holding that the state must file notice of appeal to perfect appeal under Article
44.01(c)).
7. See Heath v. State, 817 S.W.2d 335, 339 (Tex.Cr.App. 1991) (op. on reh'g) (sentences not
authorized by law are illegal and "void," therefore, unauthorized by law probation order was an illegal
sentence), overruled in part, Ex parte Williams, 65 S.W.3d 656 (Tex.Cr.App. 2001) (unauthorized by
law probation order was not an illegal sentence); but see Fortune v. State, 745 S.W.2d 364, 371
(Tex.Cr.App. 1988) (Campbell, J., dissenting) (criticizing the Court's occasional lack of analysis and resort
to that talismanic label "void" before which "everything quakes and eventually tumbles to earth").
8. It would, therefore, appear that Powell's rule literally does not apply here since the trial court
modified its judgment to decrease appellant's sentence. See Powell, 63 S.W.2d at 713. It would also
appear that Williams effectively read the "increasing the punishment" language out of the Powell rule by
stating that the trial court cannot "change the judgment in any substantial respect" once the defendant "has
suffered some punishment." See Williams, 170 S.W.2d at 486. 
9. See Power of Court to Set Aside Sentence after Commitment, 44 A.L.R. 1203, 1203-1210
(1926) (trial court without power to set aside a sentence after defendant has been committed thereunder
and impose a new or different sentence increasing the punishment).