IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




No. AP-75,513






EX PARTE JORGE W. CRUZATA, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 243RD JUDICIAL DISTRICT COURT


EL PASO COUNTY





 

 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Womack, Johnson, Hervey, and Cochran, JJ., joined. Keasler, J.,
concurred in the result. Meyers, J., filed a dissenting opinion.



 This is a post-conviction habeas corpus proceeding, brought under Article 11.07 of the Texas
Code of Criminal Procedure, in which applicant Jorge W. Cruzata seeks relief in Cause Number
20020D04349-243-1 in the 243rd Judicial District Court of El Paso County. We will deny the relief
requested.

 The relevant facts, as reflected in the habeas record, are as follows: On September 3, 2002,
an El Paso County grand jury returned an indictment charging applicant with indecency with a child. 
See Tex. Pen. Code § 21.11(a)(1). On July 22, 2003, applicant pled guilty to the offense charged,
pursuant to a plea bargain, and the trial court placed him on deferred-adjudication community
supervision for ten years. See Tex. Code Crim. Proc. art. 42.12, § 5(a).

 On June 29, 2004, the State filed a motion to proceed with an adjudication of applicant's
guilt, alleging that he had violated the conditions of his community supervision. On September 24,
2004, the trial court held a hearing on the State's motion. At that hearing, applicant entered an open
plea of "true" to the State's allegations. The trial court accepted applicant's plea, found that he had
violated the conditions of his community supervision, adjudicated his guilt of the primary offense,
and assessed his punishment at imprisonment for seven years. A few minutes later, the trial court,
after being reminded by the State that applicant had "a very extensive history . . . of extraneous
offenses," announced that it was "going to withdraw" its assessment of punishment and "reset [the
hearing] for sentencing at a later date." Applicant objected to the trial court's withdrawal of its
assessment of punishment, but the trial court overruled his objection.

 On October 8, 2004, the trial court held another hearing in this case and, after hearing
argument, reassessed applicant's punishment at imprisonment for fifteen years. Applicant asked the
trial court for permission to appeal from the reassessment of punishment, apparently in the belief that
Rule 25.2(a)(2)(B) of the Texas Rules of Appellate Procedure required such permission. The trial
court responded by stating that no such permission was required. (1) Applicant filed no appeal.

 On September 14, 2005, applicant filed an application for writ of habeas corpus in the trial
court, arguing inter alia that his fifteen-year sentence was "improper." On March 10, 2006, at a
habeas hearing, applicant argued to the trial court that "it's always been the rule, [in both] civil and 
criminal [law], that once you pronounce [the sentence], that's it, that's the sentence." The State
argued in response that, under our decision in State v. Aguilera, 165 S.W.3d 695 (Tex.Crim.App.
2005), the trial court's withdrawal of its initial assessment of punishment, and its subsequent
reassessment of punishment, were both proper.

 On May 25, 2006, the trial court recommended that we deny habeas relief. In its findings of
fact and conclusions of law, the trial court concluded that, "[b]ecause applicant could have appealed
the sentencing portion of his judgment, and he did not, he cannot raise a complaint regarding
sentencing for the first time in [an application for] writ of habeas corpus." On September 27, 2006,
we ordered applicant's application filed and set for submission in order to consider his claim that his
fifteen-year sentence is "improper."

 At the outset, we are confronted with the question of whether applicant's claim is cognizable
in habeas corpus. Habeas corpus is an extraordinary remedy and is available only when there is no
other adequate remedy at law. Ex parte Townsend, 137 S.W.3d 79, 81 (Tex.Crim.App. 2004). 
Consequently, habeas corpus may not be used to assert claims that could have been asserted on direct
appeal. Ibid.

 Nothing prevented applicant from appealing from his fifteen-year sentence and asserting that
it was improper. See footnote one, supra. Therefore, he may not now assert that claim via habeas
corpus. Ex parte Townsend, 137 S.W.3d at 81-82.

 Even if we were to find the applicant's claim cognizable, he would not prevail on it. In
Powell v. State, 63 S.W.2d 712, 713 (Tex.Crim.App. 1933), we stated that a trial court may revise,
correct, or vacate a sentence before the defendant begins to serve that sentence. In State v. Aguilera,
165 S.W.3d 695, 698, on which the State relies, we held that a trial court may modify a sentence if
the modification is made on the same day as the assessment of that sentence and before court
adjourns for the day. Implicit in that holding was that a defendant begins to serve his sentence at the
adjournment of court on the day that the sentence is assessed. Reading Powell and Aguilera
together, it is clear that the trial court's actions in this case were proper.

 We deny the requested relief.


DELIVERED: April 18, 2007

PUBLISH
1. The trial court was correct. See Vidaurri v. State, 49 S.W.3d 880 (Tex.Crim.App.
2001). See also Hargesheimer v. State, 182 S.W.3d 906 (Tex.Crim.App. 2006) (discussing
Vidaurri and similar cases); G. Dix & R. Dawson, 43A Texas Practice: Criminal Practice and
Procedure § 40.82 (2nd ed. 2001).