FILED IN
COURT OF CRIMINAL APPEALS

September 14, 2015

ABEL ACOSTA, CLERK

PD-0429-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/14/2015 9:11:15 AM
Accepted 9/14/2015 9:16:53 AM
ABEL ACOSTA
CLERK

No. PD-0429-15

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

AUSTIN, TEXAS

---

FRANCISCO DURAN
APPELLANT

v.

THE STATE OF TEXAS
APPELLEE

---

**APPELLANT'S BRIEF ON PETITION
FOR DISCRETIONARY REVIEW**

---

On review from the
Thirteenth Court of Appeals, Corpus Christi-Edinburg, Texas
Cause No.  13-12-00344-CR

---

Filed by:
Joseph Moreno
State Bar No. 24048676
23409 El Paso Drive
Harlingen, Texas 78552
Phone:  (956) 536-8359
Fax: (210) 247-9433
Email:  j_moreno_02@yahoo.com
Attorney for Appellant

Oral Argument Was Not Granted

No. PD-0429-15

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

AUSTIN, TEXAS

---

FRANCISCO DURAN
APPELLANT


v.


THE STATE OF TEXAS
APPELLEE

---

**APPELLANT'S BRIEF ON PETITION
FOR DISCRETIONARY REVIEW**

---

On review from the
Thirteenth Court of Appeals, Corpus Christi-Edinburg, Texas
Cause No.  13-12-00344-CR

---

To the Honorable Judges of the Court of Criminal Appeals:

Now Comes Francisco Duran, Appellant in this cause, by and through his

court-appointed appellate counsel, Joseph Moreno, and files this brief on petition

for discretionary review.

## IDENTITY OF THE PARTIES AND COUNSEL

The following is a complete list of all parties and counsel:

Defendant/Appellant:                          Francisco Duran Jr.

Appellee:                                     State of Texas

Appellant's Counsel:

                                                                 Joseph Moreno (Appointed)
State Bar No. 24048676
23409 El Paso Drive
Harlingen, Texas 78552
Phone: (956) 536-8359
Fax: (210) 247-9433
Email: j_moreno_02@yahoo.com

On Direct Appeal to the 13th Court of Appeals
Edmund K. Cyganiewicz
State Bar No. 05300050
1000 E. Madison
Brownsville, Texas 78520
(956) 541-5995

Appellant's Trial Counsel:                    Doug McMaster
847 E. Harrison Street
Brownsville, Texas 78520

Counsel for Appellee:

Hon. Luis V. Saenz
Cameron County District Attorney
Rene Gonzalez
Jennifer Hahn
Brian Erskine
Assistant District Attorneys
964 E. Harrison
Brownsville, TX 78520
Phone: (956) 544-0849
Fax: (956) 544-0869

# TABLE OF CONTENTS

1.  Identity or parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2.  Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

3.  Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4.  Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5.  Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6.  Grounds for which Review was Granted . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

7.  Statement of the Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7-8

8.  Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9-10

9.  Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

10. Issue 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10-13

11.Issue 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

12.Issue 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-16

13.Issue 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16-17

14.Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

15.Certificate of Compliance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

16.Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## INDEX OF AUTHORITIES
### (Case Law)

1.  *Blount v. State*, 257 S.W.3d 712 (Tex. Crim. App. 2008). . . . . . . . . . . . . . 15

2.  *Duran v. State*, No. 13-12-003440CR, 2013 Tex. App. Lexis 811. .11, 15, 16

3.  *Ex parte Lange*, 85 U.S. 163 (U.S. 1874) . . . . . . . . . . . . . . . . . . 10, 11, 16

4.  *Ex parte McIver*, 586 S.W.2d 851 (Tex. Crim. App. 1979). . . . . . . . . . . . 12

5.  *Ex parte Johnson*, 697 S.W.2d 605 (Tex. Crim. App. 1985) . . . . . . . . . . .14

6.  *Horn v. State*, 117 Tex. Crim. 22 (Tex. Crim. App. 1931) . . . . . . . . . . . .13

7.  . *Langs v. State*, 183 S.W.3d 680 (Tex. Crim. App. 2006) . . . . . . . . . . . . 17

8.  *Moore v. State*, 154 Tex. Crim. 307 (Tex. Crim. App. 1950) . . . . . . . . . . .13

9.  *Powell v. State*, 124 Tex. Crim. 513 (Tex. Crim. App. 1933). . 10, 11, 12,14,
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 16, 17

10. *Smith v. State*, 479 S.W.2d 680 (Tex. Crim. App. 1972) . . . . . . . . . . . . . 14

11. *Ex parte Spaulding*, 687 S.W.2d 741 (Tex. Crim. App. 1985) . . . . . . . . . .14

12. *Williams v. State*, 145 Tex. Crim. 536 (Tex. Crim. App. 1943) . . .10, 11, 16

### (Statutes and Rules)

1.  Tex. Penal Code § 30.02 1 (b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

2.  Tex. Penal Code § 12.33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

3.  Tex. Code Crim. Proc. Ann. Art. 42.12 §3g(a)(2) (Supp. 2011) . . . . . . . .15

4.  USCS Const. Amend. 5§III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATEMENT OF THE CASE

Appellant was convicted of both Burglary of a Habitation and the underlying offense of Aggravated Assault with a Deadly weapon. C.R. Writ I pg. 81. After accepting the jury verdict and assessing punishment, the original judgment was modified by the trial court. Supp. C. R. Writ I Pg. 1-6 (modifying judgment entered on June 6, 2012).

Mr. Duran appealed the conviction and modifications made to the original judgment. The Thirteenth Court of Appeals affirmed the conviction and trial court's modifications and ordered further modifications to the judgment. Id.

Mr. Duran filed a petition for Discretionary Review, pro se, and current counsel, Joseph Moreno, was appointed to assist Mr. Duran in preparation of this brief. 2nd Supp. C.R. Writ I pgs. 1-2.

## STATEMENT REGARDING ORAL ARGUMENT

Oral Argument Was Not Granted.

## GROUNDS FOR WHICH REVIEW WAS GRANTED

1. Whether the modifications to the judgment, as ordered by the Thirteenth Court of Appeals constitute a violation of Mr. Duran's 5th Amendment right against multiple punishments for the same offense.

6

2. Whether the Thirteenth Court of Appeals erroneously found that the modification made, by the trial court to the original judgment, changing the conviction from a Second Degree Felony to a First Degree felony and including a finding of deadly weapon were proper.

## STATEMENT OF FACTS

Appellant, Francisco Duran, was charged by two (2) count indictment with Burglary of a Habitation (Count I) and Aggravated Assault With a Deadly Weapon (Count II). C.R. Writ I pg. 79. The jury convicted Mr. Duran of both counts of the indictment. C.R. Writ I pg. 81. Because Count II of the indictment constituted the underlying felony for Count I (Burglary of a Habitation), the State abandoned the conviction for Count II and proceeded to Sentencing only on Count I of the indictment. C. R. Writ I pgs 81-85; *Duran v. State*, No. 13-12-00344-CR, 2013 Tex. App. Lexis 811.

The original judgment and order (signed on April 23, 2012) indicates that the jury convicted Mr. Duran of both Counts of the Indictment. C.R. Writ I pg. 81. Additionally, the verdict and judgement are devoid of a specific finding of "use of a deadly weapon" and reflects that the Burglary of a Habitation constitutes a Second Degree Felony. C.R. Writ I pg. 81.

After the jury was dismissed and Mr. Duran was "committed" under the judgment sentencing him to 25 years in the Texas Department of Criminal Justice,

the judgment was modified, by the trial court, to reflect that the Burglary of a Habitation was, in fact, a First Degree felony and that the jury made an "affirmative finding that a deadly weapon was used or exhibited" in the commission of the offense. Supp. C.R. Writ I. pgs. 1-6 (order modifying judgment entered on June 6, 2012).

Mr. Duran appealed his conviction on several grounds requesting that the modification of the order finding "use of a deadly weapon" be found to be improper and that the Aggravated Assault conviction be set aside and vacated since that count was abandoned by the State. *Duran v. State*, No. 13-12-00344-CR, 2013 Tex. App. Lexis 811.

The Thirteenth Court of Appeals found that it has the "authority to modify the record to make it speak the truth" and ordered that, "although it is unnecessary to completely delete Count II," the judgment should be modified to reflect that Count II was abandoned and punishment was as to Count I only. Further, the appellate court concluded that the trial court did not err by its later modifications of the judgment. *Id* at 8.

Mr. Duran filed a petition for Discretionary Review, pro se, and current counsel, Joseph Moreno, was appointed to assist Mr. Duran in preparation of this brief. 2nd Supp. C.R. Writ I pgs. 1-2.

# SUMMARY OF THE ARGUMENT

**Issue 1**: The trial court improperly modified its original judgment to include a deadly weapon finding because the modification was made:

a. by the trial court;

b. without consent of the jury; and

c. after the defendant was sentenced to prison under the trial court's original judgment and his sentence began to run.

**Issue 2**: Mr. Duran's original sentence of 25 years constitutes an illegal sentence since the judgment reflects that he was convicted of a Second Degree Felony Burglary of a Habitation and the modification to the judgment was improperly performed after Mr. Duran's sentence began to run.

**Issue 3**: The Double Jeopardy Clause of the United States Constitution forbids any increase in a defendant's sentence once that sentence has been served or executed. When the trial court modified Mr. Duran's sentence to include the deadly weapon finding, his original sentence was essentially increased since the modification affected his eligibility for parole amounting to a second sentence for the same offense.

**Issue 4**: When The Thirteenth Court of Appeals affirmed the trial court's deadly weapon finding, held that Count II of Mr. Duran's conviction need not be completely deleted, and ordered further modifications to the already modified

judgment, Mr. Duran's Constitutional Right against multiple punishments for the same offense under the Double Jeopardy Clause of the United States Constitution was violated.

## ARGUMENT

## Issue 1: The trial court improperly modified its original judgment to include a deadly weapon finding

In *Williams v. State*, 145 Tex. Crim. 536, 542 (Tex. Crim. App. 1943) The Court of Criminal Appeals recognized the general rule that trial courts retain plenary power to modify a judgment "during the term of court in which they are made." The exception to that general rule, however, is that once the defendant in a criminal case has "suffered some punishment" due to the order, the trial court loses its power to make modifications to the order. *Id*.

The Supreme Court of the United States further expounded on the time limits for a trial court to modify a judgment or order, in *Ex parte Lange*, 85 U.S. 163, 176 (U.S. 1874), when it held that a court can no longer "revise, correct or vacate a sentence. . . after the defendant has been committed thereunder." *Id*. Even in situations where the trial court attempts to modify a sentence during the term at which the original order was entered, an attempt to modify the sentence so that it increases the original sentence imposed results in a void order "and the original order remains in force." *Powell v. State*, 124 Tex. Crim. 513, 515 (Tex.

Crim. App. 1933) quoting *Ex parte Lange*, 85 U.S. 163, 176 (U.S. 1874).

Mr. Duran was convicted by a jury of Burglary of a Habitation and the underlying offense of Aggravated Assault with a Deadly Weapon. C. R. Writ I pgs. 79-85. Recognizing the potential Double Jeopardy violation, the State abandoned the Aggravated Assault with a Deadly Weapon count of the indictment and proceeded to sentencing only on the Burglary of a Habitation count. *Duran v. State*, No. 13-12-00344-CR, 2013 Tex. App. Lexis 811 at 8. The jury assessed punishment at 25 years in TDCJ on count I only. C. R. Writ I pg. 81. The trial court entered its original order on April 23, 2012 reflecting that Mr. Duran was convicted on both counts of Burglary of a Habitation and Aggravated Assault with a Deadly Weapon. C. R. Writ I pg. 81. However, the judgment signed on the 23rd of April, 2012 is silent as to any specific findings made by the jury regarding use of a deadly weapon during the commission of the offense. C. R. Writ I pgs. 81-85.

Mr. Duran was "committed" to prison upon the order of the court. C. R. Writ I pg 85. The trial court pronounced its sentence and ordered that he, "shall be taken by the authorized agent of the State of Texas . . . and delivered to the Director of institutional division of the Texas Department of Criminal Justice… ." *Id*. Thus, the trial court lost plenary power to modify its judgment. See *Williams v. State*, 145 Tex. Crim. 536, 542 (Tex. Crim. App. 1943); *Powell v. State*, 124 Tex. Crim. 513, 515 (Tex. Crim. App. 1933).

11

Subsequent to the court's original order and imposition of sentence, the State filed a motion to modify the judgment. *Duran*, at 6. The trial court granted the State's motion and on June 6, 2012 modified the order to include the language that the jury made an "[a]ffirmative finding that a deadly weapon was used or exhibited." Supp. C. R. Writ I pg. 2.

Accordingly, when the trial court modified its judgment after the sentence was imposed and the defendant was "committed thereunder," it was without power to do so and Appellant requests that the modification be vacated. *Powell v. State, 124 Tex. Crim. 513, 515 (Tex. Crim. App. 1933)*.

Additionally, Count I of the indictment alleged simply that the defendant committed that act of Burglary of a Habitation when he entered a habitation "and attempted to commit or committed the felony offense of Aggravated Assault." C. R. Writ I pg. 79. Thus, when the trial court modified the original judgment to include use of a deadly weapon, the trial court engaged in judicial reasoning to arrive at its conclusion that the jury must have intended a deadly weapon finding since such a finding is absent from the verdict form and original judgment. C. R. Writ I pg. 81-85.

In *Ex parte McIver, 586 S.W.2d 851,854 (Tex. Crim. App. 1979)*, the Court of Criminal Appeals held that "[c]ourts have no power to change a jury verdict unless it is with a jury's consent and before they have dispersed." Further, in

*Moore v. State*, 154 Tex. Crim. 307 (Tex. Crim. App. 1950), The Court of Criminal Appeals held, while discussing a similar point, that "the judge is not a juror, and, on a plea of 'Not Guilty' in a felony case, cannot render a verdict or any part thereof. *Id.* at 312; See also *Horn v. State*, 117 Tex. Crim. 22, 35 (Tex. Crim. App. 1931) holding that finding by the trial court, after the jury was dismissed, that a defendant was previously convicted of three felonies was improper even where the indictment alleged three prior felonies.

Therefore, in Mr. Duran's case, the trial court's modification was improper because it was made without the jury's consent and required the judge to use his own judicial reasoning in arriving at the modification without the consent of the jury and 44 days after the original judgment. Supp. C.R. Writ I pg. 1. Mr. Duran prays that the modifications made to the original order, after the court lost power to modify its judgment and without the consent of the jury be vacated and set aside and the cause be remanded for new trial.

**Issue 2: Mr. Duran's original sentence of 25 years constitutes an illegal sentence since the judgment reflects that he was convicted of a Second Degree Felony Burglary of a Habitation and the modification to the judgment was improperly performed after Mr. Duran's sentence began to run**.

The jury verdict form indicates that Mr. Duran was convicted of Burglary of a Habitation and that his conviction on that count constituted a Second Degree Felony. C. R. Writ I pg. 81. The range of punishment on a Second Degree Felony

13

is "not more than 20 years or less than 2 years. . ." according to the Texas Penal Code § 12.33.  Further, Texas Penal Code § 30.02 1(b)(2) provides that the offense of Burglary of a Habitation is a second degree felony.  Thus, the jury verdict and original judgment are facially correct.  C.R. Writ I pgs. 81-85.  Therefore, a sentence of 25 years for a second degree felony offense of Burglary of a Habitation is outside the range of punishment and constitutes an illegal sentence.

Appellant prays that the sentence of 25 years in prison be declared void since it is unauthorized by law and remanded for new trial.  *Smith v. State*, 479 S.W.2d 680 (Tex. Crim. App. 1972); *Ex parte Spaulding*, 687 S.W.2d 741 (Tex. Crim. App. 1985); But see *Ex parte Johnson*, 697 S.W.2d 605,607 (Tex. Crim. App. 1985) holding that "a court is authorized to reform a verdict and judgment containing unauthorized punishment."

## Issue 3: The Double Jeopardy Clause of the United States Constitution forbids any increase in a defendant's sentence once that sentence has been served or executed.  When the trial court modified Mr. Duran's sentence to include the deadly weapon finding, his original sentence was essentially increased since the modification affected his eligibility for parole.

In the seminal case of *Powell v. State*, 124 Tex. Crim. 513, 515 (Tex. Crim. App. 1933), this Court of Criminal Appeals held that even if a sentence is modified while still in the same term, but after the defendant "has been committed" under the original order, "a trial court is without power to . . . impose a new or different

14

sentence increasing the punishment." *Id*. at 516.

Mr. Duran was sentenced to 25 years in prison and the judgment was entered on April 23, 2012. C.R. Writ I pg. 81-85. After the court pronounced its sentence and Mr. Duran was "committed thereunder" the State moved for modification of the order. *Duran* at 6. In its modified judgment entered on June 6, 2012 the trial court included the finding that a deadly weapon was used or exhibited during the commission of the offense. Supp. C.R. Writ I pg. 1. A finding that a deadly weapon was used or exhibited during the commission of the offense negatively affects a prison inmates "eligibility for parole." *Blount v. State*, 257 S.W.3d 712,713 (Tex. Crim. App. 2008); See Tex. Code Crim. Proc. Ann. Art. 42.12 § 3g(a)(2) (West Supp. 2011).

Thus, when the trial court modified the judgment to include the deadly weapon finding, Mr. Duran's sentence was effectively increased since it negatively impacted the amount of time he would spend in prison before he was parole eligible. This action by the trial court is tantamount to Mr. Duran receiving a second sentence. *Powell v. State*, 124 Tex. Crim. 513 (Tex. Crim. App. 1933). A second sentence amounts to multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution. *Id*. at 516.

Appellant prays that the subsequent judgments of the trial court be vacated and the case be remanded for new trial.

**Issue 4: When the Thirteenth Court of Appeals ordered that Count II of Mr. Duran's conviction need not be completely deleted and ordered further modifications and affirming the modifications including the deadly weapon finding, Mr. Duran's Constitutional Right against multiple punishments for the same offense under the Double Jeopardy Clause of the United States Constitution were violated.**

On appeal to the Thirteenth Court of Appeals, Mr. Duran complained about the trial court's modification to include the deadly weapon finding and the inclusion of the conviction for Aggravated Assault even though the State abandoned that conviction before punishment. *Duran* at 8. The State requested that the appellate court order a new modification to the judgment retaining the deadly weapon finding but removing the Aggravated Assault conviction. *Id*. The appellate court instead found that the appropriate action was simply to modify the judgment "to reflect that the State abandoned Count II . . . and that punishment was only as to Count I." *Id*. Mr. Duran once again relies on *Williams v. State*, 145 Tex. Crim. 536, 542 (Tex. Crim. App. 1943); *Powell v. State*, 124 Tex. Crim. 513, 516 (Tex. Crim. App. 1933) quoting *Ex parte Lange*, 85 U.S. 163, 176 (U.S. 1874) to establish that the trial court was without power to modify the judgment since the court was no longer in the same term and Mr. Duran was committed on the original judgment. The State's motion to modify the judgment was made before the appellate court had jurisdiction to make such an order and the subsequent judgment modifying the original order was already improperly made. C.R. Writ I pg. 81-84;

16

Supp. C.R. Writ I pgs. 1-6.

Additionally, the appellate court's finding that trial court did not err when it modified the judgment violates Mr. Duran's constitutional protection against Double Jeopardy. Langs v. State, 183 S.W.3d 680, 684 (Tex. Crim. App. 2006); (holding that the Double Jeopardy Clause of the United States Constitution guards against multiple punishments for the same offense) USCS Const. Amend. 5§III. By affirming the finding made by the trial court, the appellate court was affirming a second punishment for the same offense of Burglary of a Habitation. *Powell v. State*, 124 Tex. Crim. 513, 515 (Tex. Crim. App. 1933).

## PRAYER

Wherefore, Premises Considered, Appellant, Francisco Duran, Jr., respectfully prays that this court sustain each of the issues herein, and that this court reverse the judgment of the trial court and reverse the Burglary of a Habitation conviction and sentence, and remand the case for new trial.

In addition, Appellant requests that the conviction for Aggravated Assault, included in the court's judgment be set aside and vacated.

Appellant further requests that the trial court's finding that an affirmative finding that a deadly weapon was used or exhibited be set aside and vacated and the judgment be reformed.

Appellant further prays for any and all relief to which he may be justly entitled.

Respectfully Submitted

/s/ Joseph Moreno
ATTORNEY FOR APPELLANT

**CERTIFICATE OF COMPLIANCE**

In accordance with Rules 9.4(e) and (i) of the TEXAS RULES OF APPELLATE PROCEDURE, the undersigned attorney of record certifies that the Brief on Petition for Discretionary Review contains **14-point** typeface for the body of the brief, **12-point** typeface for footnotes in the brief, and contains **2, 658** words, excluding those words identified as not being counted in Rule 9.4(i)(1).

/s/ Joseph Moreno
Joseph Moreno

**CERTIFICATE OF SERVICE**

I certify that a copy of the Appellant's Brief on Petition for Discretionary Review was served electronically on this the 14 day of September, 2015, to the following partyat rgonzalez1@co.cameron.tx.us  and that the electronic transmission was reported as complete:

Rene Gonzalez
Cameron County District Attorney's Office
965 E. Harrison Street
Brownsville, Texas 78520
**Attorney for the State of Texas, Appellee**

/s/ Joseph Moreno
Joseph Moreno